FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

SANJAY PAREKH

Defendant.

11-CR-23

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 4, 2011, Sanjay Parekh pleaded guilty to count two of a two-count indictment which charged that between October 2010 and December 2010, the defendant, together with others encouraged and induced John Doe, an alien, to come to, enter and reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), (a)(1)(A)(v)(II) and (a)(1)(B)(ii).

Parekh was sentenced on May 11, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 12 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 10 and 16 months. The calculation of the total offense level included a two-point enhancement for smuggling an unaccompanied minor into the United States and a 2-point deduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of five years. See 8 U.S.C. § 1324(a)(1)(B)(ii). The guidelines range of fine was from $3000 to $30,000. The underlying Indictment was dismissed by the court.

Parekh was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why*

2

*Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant's crime, inducing and encouraging an undocumented minor to enter and reside in the United States is a serious crime. Parekh was naïve to think that his actions in falsifying travel documents and lying to immigration authorities would not result in serious consequences. But, he is a goodhearted individual who believed he was helping a young boy reunite with his family in the United States. He did not receive any financial compensation for his conduct. He has never had any contact with the criminal justice system.

Defendant is a hard-working individual with a close knit family. He is the sole financial supporter of his wife and two children who live in India. His father was recently diagnosed with terminal cancer and defendant would like to see him before he dies. A sentence of time-served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in encouraging aliens to enter the United States will result in a substantial restriction on one's liberty. Specific deterrence is achieved through the impact of this conviction on the defendant's ability to travel to the United States in the future. It is unlikely

that he will engage in further criminal activity in light of his obligations to his wife and children and his desire to care for his ailing father.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: May 12, 2011
      Brooklyn, New York